UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 16-20872-CIV-JAL

JESUS LAZARO COLLAR and all others )
similarly situated under 29 U.S.C. 216(b), )
         Plaintiff, )
vs. )
 )
ABALUX, INC, )
JUAN D CABRAL, )
         Defendants. )
_____ )

**PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION FOR
ISSUANCE OF CONTINUING WRIT OF GARNISHMENT [DE 121]**

COMES NOW the Plaintiff, and responds to [DE 121] as follows:

**MEMORANDUM OF LAW AND ARGUMENT**

As indicated by Plaintiff in his Addendum to his attached Affidavit, he has been a 1099 contractor at Adwave Graphics Inc. (not a W-2 employee) since the beginning of 2018. The Southern District of Florida has previously ruled that "[i]n their motion for reconsideration, the plaintiffs disclosed to the Court, for the first time, that Mr. Karim was an independent contractor and not an employee of the garnishee. *Id.* The Court denied the plaintiffs' motion because under Florida's garnishment statute continuing writs of garnishment are available only for the garnishment of salary or wages." *DiFrancesco v. Home Furniture Liquidators, Inc.,* 06-21709-CIV, 2009 WL 36550, at *1 (S.D. Fla. Jan. 6, 2009). With respect to Florida Statutes Section 77.0305 concerning continuing writs of garnishment, *see also*, *Hernando County v. Warner,* 705 So. 2d 1053, 1054 (Fla. 5th DCA 1998)("It is clear from the instant record that the Corporation was not an employee of the County, and the money owed by the County to the Corporation was **not salary or wages**.")(emphasis added). Based on the

1

aforesaid, in the case at bar, Defendants are attempting to continually garnish a contractor's earnings that are not salary or wages, and such is not permissible.

Also, as indicated by Plaintiff in his Addendum in attached Affidavit (and also in the exemption section of the Affidavit), there are weeks were Plaintiff would fall under the head of household exemption.  Although the fact that Plaintiff is a contractor (not W-2 employee) is clear grounds to deny Defendants' Motion, Defendants would also need to overcome the exemption as some weeks he is paid less than $750 gross (which is obviously less than the threshold "net earnings" under the exemption).

If the Court will not deny the motion based on the aforesaid, as indicated by the attached Plaintiff files herewith the "REQUEST FOR HEARING".

WHEREFORE PLAINTIFF AND COUNSEL REQUEST THE COURT DENY DEFENDANTS' MOTION, AND IF NECESSARY SET A HEARING.

**Respectfully submitted,**

**K. DAVID KELLY, ESQ.**
**J.H. ZIDELL, P.A.**
**ATTORNEY FOR PLAINTIFF**
**300 71ST STREET, #605**
**MIAMI BEACH, FLA. 33141**
**PH: 305-865-6766**
**FAX: 305-865-7167**
**EMAIL: DAVID.KELLY38@ROCKETMAIL.COM**
**F.B.N. 0123870**

BY:_____/s/ K. David Kelly_____
      **K. DAVID KELLY, ESQ.**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SENT SUBSEQUENT TO E-FILING ON 3/20/18 TO:**

**ALL CM/ECF RECIPIENTS**

**LESLIE W. LANGBEIN, ESQ.**
**LANGBEIN & LANGBEIN**
**ATTORNEYS FOR DEFENDANT**
**8181 NW 154 STREET**
**SUITE 105**
**MIAMI LAKES, FLORIDA 33016**

**BY:__ /s/ K. DAVID KELLY _____**
**K. DAVID KELLY, ESQ.**