UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 16-20872-CIV-LENARD/GOODMAN

JESUS LAZARO COLLAR,

    Plaintiff,

v.

ABALUX INC., et al.,

    Defendants.
_____/

**ORDER DENYING DEFENDANTS' MOTION FOR A CONTINUING WRIT OF GARNISHMENT AGAINST SALARY OR WAGES AFTER JUDGMENT**

In Fair Labor Standards Act cases involving a dispute over the plaintiff's status, defendants typically contend that the plaintiff is actually an independent contractor, not an employee, while the plaintiff contends that he or she is an employee. *See, e.g., Hughes v. Family Life Care, Inc.*, 117 F. Supp. 3d 1365, 1374 (N.D. Fla. 2015) (granting summary judgment motion and finding that certified nursing assistant was an employee, rather than an independent contractor). That's because independent contractors are exempt from the FLSA.

But Defendants' motion for a continuing writ of garnishment is atypical, as Plaintiff contends that he is *now*, post-judgment, an **independent contractor** (even though his Complaint and summary judgment motion claim that he was an *employee*.

1

[ECF Nos. 1; 58]. To render the motion even more unusual, Defendants now also agree that Collar is an independent contractor. [ECF No. 181, p. 5]. Therefore, they now say that **their own motion should be *denied*** (so that they can then move for issuance of a traditional writ of garnishment). [ECF No. 181, p. 9].

After holding a multi-hour evidentiary hearing and reviewing the post-hearing memoranda based on the hearing transcript, the Undersigned **denies** Defendants' motion because Plaintiff is now an independent contractor, not an employee, and a judgment creditor cannot use Florida's garnishment statute to continually garnish an independent contractor's revenue that is not salary or wages. [ECF Nos. 148; 168; 180-81]. As noted, Defendants agree that "Plaintiff is and has been an independent contractor since 2018" and say that Collar's self-admitted status as an independent contractor means "that the motion for writ of continuing garnishment should be denied." [ECF No. 181, p. 9]. Although Defendants make this concession, they did not move to withdraw, vacate, or rescind their motion for a continuing writ of garnishment.

**Factual Background**

The Court entered a final judgment in Defendants' favor for taxable costs ($2,146.65), and for non-taxable costs ($425.06). Defendants then moved for issuance of a writ of continuing garnishment against Plaintiff. [ECF No. 121]. They alleged that Collar "is employed by Adwave Graphics, Inc." [ECF No. 121, p. 1]. Plaintiff opposed the writ,

and submitted a claim for exemption form ("Claim form"). [ECF No. 126]. United States District Judge Joan A. Lenard referred the motion to the Undersigned. [ECF No. 133].

At the evidentiary hearing, it was established that Plaintiff began working for Adwave in September 2016 as a sign installer. He was hired as an hourly employee. [Testimony of Alexander Sosa, TR., pp. 6:13, 11:7-9].[1] While Plaintiff used his own tools, Adwave provided everything else he needed to perform his job. [TR., p. 7:2-6]. Collar wore an Adwave shirt while performing work and he drove a truck owned by Adwave that bore Adwave's signage. [TR., p. 10:8-19]. Plaintiff reported to Adwave's office each day and received job assignments from Adwave's owner, Mr. Sosa. [TR., pp. 7:7-8, 9:24-10:1].

Plaintiff performed all of his work for Adwave's customers. [TR., p. 8:11-13]. He was paid weekly on an hourly basis and he received a W-2 for 2017. [TR., p. 17:6].

In January 2018, Plaintiff approached Mr. Sosa about changing his status as an employee to an independent contractor. [TR., p. 12:8-9].[2] He proposed that he would solicit new jobs in exchange for commissions. Mr. Sosa had no objection. Plaintiff supplied Mr. Sosa with proof that he had formed his own company called "JC Signs

---

[1] The transcript from the evidentiary hearing is located at ECF No. 168; however, the Undersigned will refer to it as "TR." throughout this Order.

[2] At the evidentiary hearing, defense counsel advised that Defendants' theory, at that time, was that Plaintiff's "independent contractor status is a sham designed to avoid his obligation to pay [the] judgment." [TR., p. 58:1-9].

Corp." and that he had elected to exempt himself from worker's compensation. [ECF No. 153-3].[3] While there was no written agreement between Adwave and JC Sign Corp. concerning the change in status [TR., p. 11:10-12], Mr. Sosa stopped paying worker's compensation insurance for Plaintiff and allowed Plaintiff to set his own hours of service. [TR., p. 12:4-5]. Plaintiff has business cards for JC Sign Corp. [TR., p. 51:1-5].

Plaintiff also opened a business account at a bank for JC Sign Corp. [TR., p. 52:6-8]. He designated his home address as a business address. [TR., p. 52:3-5]. Mr. Sosa testified that he permitted Plaintiff to use Adwave's truck when Plaintiff solicited business for Adwave through JC Sign Corp. [TR., pp. 45:24-46:4]. JC Sign Corp. has its own business expenses such as Plaintiff's auto expenses, meals, and tool costs. [TR., p. 48:4-5]. Plaintiff does not anticipate that Adwave will be his sole source of income. [TR., p. 46:20-21]. He works on the weekend to solicit new customers on behalf of Adwave so that JC Sign Corp. can make a profit. [TR., p. 47:11-13].

Adwave paid Plaintiff $730.10 as wages on 1/13/18 and an additional $336.80 commission to JC Signs Corp. Thereafter, Adwave paid JC Sign Corp. all monies,

---

[3] At the hearing, the Undersigned pointed out that JC Signs Corp. was incorporated *before* the summary judgment was entered in Defendants' favor (and before the entry of the related money judgment for costs was entered in their favor). The Undersigned raised this point in connection with the defense theory that Collar somehow "knew in advance that he would be getting a judgment [entered against him] and it would make sense to try to evade the judgment by forming a corporation in advance and somehow persuading his employer to pay him as an independent contractor." [TR., pp. 58:15-24, 59:1-3].

including commissions. JC Sign Corp. was paid $1,237.12 on 1/22/18 -- the day the final judgment was entered against Plaintiff; $1,306.72 on 1/26/18; $1,081.60 on 2/2/18 (plus $192.72 in commissions); $1,120.00 on 2/9/18; $640.00 on 2/14/18; $708.13 on 2/23/18; and so on. The payments made to JC Signs Corp. through the date of hearing consistently ranged from $640.00 to $1,100.00. [ECF No. 153-1].

During the hearing, defense counsel essentially stipulated that Collar is an independent contractor, and Defendants maintained that position in their post-hearing memorandum. [Tr., p. 61; ECF No. 181]. Collar, of course, also took the position that he is an independent contractor (and therefore not susceptible to a continuing writ of garnishment).

## Applicable Legal Principles and Analysis

The parties agree that Florida law governs the issue of whether the procedure outlined in the state's continuing writ of garnishment statute enables Defendants to collect a judgment against Collar through a continuing writ of garnishment. *See generally* Fed. R. Civ. P. 69(a)(1) (providing that the procedure on execution "must accord with the procedure of the state where the court is located"); *Salinas v. Ramsay*, 234 So. 3d 569, 571 (Fla. 2017) (reviewing question of Florida law certified by the Eleventh Circuit concerning post-judgment discovery and noting that "the procedure on execution or in aid of this federal judgment is governed by the rules of Florida"); *see also Odes v. Harris*, No. 12-61561-CIV, 2018 WL 3109622, at *1 (S.D. Fla. May 17, 2018)

(ruling on a motion for a post-judgment continuing writ of garnishment and noting that the state procedure must be followed and pointing out that Florida Statute § 77.0305 specifically addresses writs of continuing garnishment); *Francois v. Washmonbo, Inc.*, No. 05-23368-civ, 2008 WL 2694752, at *1 (S.D. Fla. July 8, 2008) ("the requirements for issuing a writ of continuing garnishment under Florida law are governed by statute").

Pursuant to Fla. Stat. § 77.0305,

> if **salary or wages** are to be garnished to satisfy a judgment, the court shall issue a continuing writ of garnishment to the judgment debtor's **employer** which provides for the periodic payment of a portion of the salary or wages of the judgment as the **salary or wages** become due until the judgment is satisfied or until otherwise provided by court order.

§ 77.0305 (emphasis added).

As illustrated by the clear and unequivocal terms of Florida's continuing garnishment statute, the procedure applies only when the debtor is an employee of the garnishee and when the money owed is salary or wages. If the money owed is not salary or wages, then the statute cannot be used to obtain a continuing garnishment. *Hernando Cty. v. George Warner*, 705 So. 3d 1053, 1054 (Fla. 5th DCA 1998); *cf. DiFrancesco v. Home Furniture Liquidators, Inc.*, No. 06-21709-civ, 2009 WL 36550, at *7 (S.D. Fla. Jan. 6, 2009) (holding that "plaintiffs were not entitled to a continuing writ of garnishment as a matter of law because the amounts sought to be garnished were not wages or salary as required by Florida's continuing writ of garnishment statute" and admonishing plaintiffs because motion practice "could have been avoided" if "counsel [had] not

(incorrectly) led this Court to believe that the amount sought to be garnished constituted [the judgment debtor's] wages or salary").[4]

Both sides now (after the evidentiary hearing) agree that Collar is not now an Adwave employee and is instead an independent contractor through his own corporation, JC Sign Corp. In fact, Defendants themselves describe the evidence of Collar's independent contractor status as "uncontroverted." [ECF No. 181, p. 4].[5]

Specifically, Plaintiff incorporated his own business in January 2018 and requested to be paid as an independent contractor by Adwave. Adwave maintained control over the terms and conditions of the jobs on which Plaintiff performed services, but Plaintiff controlled the "when," "where," and the amount of time his corporation provided services, and the types of services it provided. Mr. Soto's testimony established that since Plaintiff formed JC Sign Corp., he has called in on business days

---

[4] The law firm representing the party who incorrectly represented that the garnishment amount constituted wages or salary in *DiFrancesco* is the same firm representing Collar here. But here, the firm is taking the position that the money at issue is *not* wages or salary because Collar is an independent contractor, not an employee.

[5] Presumably, Defendants did not withdraw their motion even though they agree now that Collar is not an employee because they could not be sure that the Court would agree with the assessment. In their post-hearing memorandum, Defendants argued in the alternative -- i.e., *if* the Court were to deem Collar an employee, then he would not be entitled to the statutory "head of family" exemption, which is an "exemption of wages from garnishment," and defines head of family as "any natural person who is providing more than one-half of the support for a child or other dependent." Fla. Stat. § 222.11(1)(c).

to notify Mr. Soto that JC Sign Corp. will not be performing services for Adwave. An employee, on the other hand, would have to request time off.

Mr. Soto testified that he has never disciplined Plaintiff for not reporting to work since he formed JC Sign Corp. To the contrary, Mr. Soto testified that Plaintiff does not have to report to Adwave on a daily basis like he did when he formerly was an employee. Mr. Soto testified that Plaintiff is "free to come and go" because he operates his own company. [TR., p. 26:7-21].

In addition, there is no non-compete agreement by or among Plaintiff, JC Sign Corp., and Adwave. [TR., p. 28:22-23]. Plaintiff is autonomous and free to solicit his own business. Plaintiff solicits new business on weekends as JC Sign Corp. to maximize his corporation's profits. He uses JC Sign Corp. to "learn the business" and make sales with the purpose of growing his company. [TR., p. 55:3-4].

## Conclusion

Thus, Collar is an independent contractor and Defendants cannot use Florida's continuing garnishment statute against him. He is not an Adwave employee and the money he receives from Adwave is not wages or salary -- a statutory requirement. The Undersigned therefore **denies** Defendants' motion. *See generally Zivitz v. Zivitz*, 16 So.

3d 841, 847 (Fla. 2d DCA 2009) ("garnishment proceedings are statutory in nature and require strict adherence to the provisions of the statute") (internal citations omitted).

**DONE AND ORDERED** in Chambers, in Miami, Florida, on September 6, 2018.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
Honorable Joan A. Lenard
All Counsel of Record