UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 16-20872-JAL/JG

JESUS LAZARO COLLAR and all others )
similarly situated under 29 U.S.C. 216(b), )
         Plaintiff, )
  vs. )
 )
ABALUX, INC, )
JUAN D CABRAL, )
         Defendants. )
_____ )

**<u>PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO AMEND COST JUDGMENT [DE182][1]</u>**

**COMES NOW** the Plaintiff, by and through the undersigned, and hereby Responds in Opposition to Defendants' Motion to Amend Cost Judgment [DE117], filed as [DE182], and in support thereof states as follows:

1. Defendant's Motion fails to comply with Local Rule 7.1. Local Rule 7.1(a)(3) requires that parties engage in good faith conferral before the filing of any motion in this district, and when filing said motion the moving counsel shall include a certification above the counsel's signature block detailing his conferral or conferral attempts. Failure to comply with Local Rule 7.1(a)(3) "may be cause for the Court to grant or deny the motion and impose on counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee." As Magistrate Judge Goodman has noted, "[s]trict compliance with Local Rule 7.1(a)(3) is very important." *Marler v. U-Store-It Mini Warehouse Co.*, 2011 WL 1430262 at *2

---

[1] This Response is filed on behalf to Plaintiff, the undersigned law firm, and Plaintiff's Counsel K. David Kelly, who is no longer employed by J.H. Zidell, PA.

(S.D. Fla. April 14, 2011). The Rule does list a number of motions excluded from the conferral requirement, but a motion to amend costs judgment is not an excluded motion under Local Rule 7.1(a)(3).[2]

2. On August 30, 2018, at 4:58 p.m., Defense counsel sent an email advising Plaintiff's counsel as follows: "I am filing a motion to amend the cost judgment entered against Mr. Collar to include appellate costs.  The total sought is $2,718.67.  Do you oppose the motion ?" [sic]. Thereafter, on August 31, 2018, at 9:48 a.m., Defense counsel sent a second email as follows: "Please inform me whether you oppose the relief sought."

3. Plaintiff's counsel sent a responsive email that same day, at 10:10 a.m., requesting as follows: "Please advise how you calculated the "amended" amount that you believe is owed."

4. That same day, at 11:16 p.m., Defense counsel sent a response email as follows: "Your prompt response to this 3rd request is appreciated.  I will file the motion by 2:00 p.m."

5. Thereafter, at 11:23 a.m., Plaintiff's counsel sent a response email as follows: "A good-faith conferral is more than just sending an email telling someone to respond to your position. You need to also engage in a back-and-forth. I had asked you in my prior email to provide me with your "amended" calculation. You have not done so - please do - or please ensure that you note that you have failed to confer in good faith per the requirements of Rule 7.1 when you file your motion."

---

[2] Motions excluded from the conferral requirement are "a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action." *See,* Local Rule 7.1(a)(3).

6. Defense counsel responded at 11:50 a.m.: "Um... you are wrong. I did provide you the new figure. Look at your email...... and I would appreciate if you would get back to me ASAP". At 2:06 p.m., Defense counsel sent another email stating as follows: "I will be filing the motion in 15 minutes and I will represent that you obviously received my conferral requests but did not provide a response." At 2:58 p.m., Defendants filed the instant Motion. [DE182].

7. **It is abundantly clear that Defendants failed to confer in good faith with Plaintiff's counsel prior to the filing of the subject Motion [DE182] pursuant to S.D.L.R. 7.1.; this should be grounds alone for denial.** *See, Royal Bahamian Ass'n, Inc. v. QBE Ins. Corp.*, 744 F. Supp. 2d 1297, 1298 (S.D. Fla. 2010).

8. To save judicial resources and for Defense counsel to continue to vexatiously multiply proceedings, on September 7, 2018, Plaintiff's counsel requested that Defense counsel withdraw the pending Motion as it relates to the amount of $425.06 which Defense counsel seeks to be reimbursed for the transcript Ordered by Magistrate Judge Goodman to purchase and instead agree to provide Plaintiff sixty (60) days to pay the amount of $425.06 and, if he is unable to pay within that time frame, the undersigned Firm agreed to pay same within ten (10) days thereafter. *See,* Exhibit "A."

9. Instead of responding and attempting to resolve the dispute, Defense counsel insisted she would be filing a Writ of Garnishment against this Firm.

10. Defendants have offered no controlling authority that the Amended Final Judgment for Costs should reflect that the amount of $425.06 should only be taxed against the undersigned Firm and/or K. Davide Kelly, Esq., and not include Plaintiff.

11. Further, the Clerk of the Eleventh Circuit taxed costs in the amount of $201.50. However said entry is silent on post-judgment interest. As the Clerk of the Eleventh Circuit only taxed costs on 8/15/18 it would be unduly prejudicial for the Court to enter an award including post-judgment from 1/22/18 through the date of payment as requested by Defendants in [DE182-3].

12. Therefore, Plaintiff and Plaintiff's Counsel respectfully request that the Court deny Defendants' Motion [DE182] for failure to confer in good faith. In the alternative, should the Court grant Defendants' Motion [DE182] over Plaintiff and Plaintiff's counsel's objections, Plaintiff and Plaintiff's Counsel respectfully request the Court allow Plaintiff sixty (60) days from the date of the Court's Order to pay the amount of $425.06 and, should Plaintiff not be able to pay then for Plaintiff's Counsel to pay the amount of $425.06 within ten (10) days thereafter. Plaintiff does not oppose the Court amending the Judgment against Plaintiff to include the amount of $201.50 as set forth by the Clerk of the Eleventh Circuit and post-judgment interest should only commence from 8/15/18.

## MEMORANDUM OF LAW

Local Rule 7.1(a)(3) requires that parties "**make reasonable effort to confer (orally or in writing)**, with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion" and when filing said motion the moving counsel shall include a certification above the counsel's signature block detailing his conferral or conferral attempts. [emphasis added]. S.D. Fla. L.R. 7.1(a)(3).

As set forth above, it is abundantly clear that Defendants failed to confer **in good faith** with Plaintiff's counsel prior to the filing of the subject Motion [DE182] pursuant to S.D.L.R.

7.1.; this should be grounds alone for denial. *See, Royal Bahamian Ass'n, Inc. v. QBE Ins. Corp.*, 744 F. Supp. 2d 1297, 1298 (S.D. Fla. 2010).

**WHEREFORE** PLAINTIFF AND PLAINTIFF'S COUNSEL RESPECTFULLY REQUEST THAT THE COURT DENY DEFENDANTS' MOTION [DE182] FOR FAILURE TO CONFER IN GOOD FAITH. IN THE ALTERNATIVE, SHOULD THE COURT GRANT DEFENDANTS' MOTION [DE182] OVER PLAINTIFF AND PLAINTIFF'S COUNSEL'S OBJECTIONS, PLAINTIFF AND PLAINTIFF'S COUNSEL RESPECTFULLY REQUEST THE COURT ALLOW PLAINTIFF SIXTY (60) DAYS FROM THE DATE OF THE COURT'S ORDER TO PAY THE AMOUNT OF $425.06 AND, SHOULD PLAINTIFF NOT BE ABLE TO PAY THEN FOR PLAINTIFF'S COUNSEL TO PAY THE AMOUNT OF $425.06 WITHIN TEN (10) DAYS THEREAFTER. PLAINTIFF DOES NOT OPPOSE THE COURT AMENDING THE JUDGMENT AGAINST PLAINTIFF TO INCLUDE THE AMOUNT OF $201.50 AS SET FORTH BY THE CLERK OF THE ELEVENTH CIRCUIT AND POST-JUDGMENT INTEREST SHOULD ONLY COMMENCE FROM 8/15/18.

    Respectfully submitted,

    J. H. ZIDELL, P.A.
    ATTORNEYS FOR PLAINTIFF
    300-71ST STREET, SUITE 605
    MIAMI BEACH, FLORIDA 33141
    305-865-6766
    305-865-7167

    By:_s/ J.H. Zidell, Esq. ___
       J.H. Zidell, Esquire
       Florida Bar No.: 10121

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 9/13/18 TO:**

**LESLIE W. LANGBEIN, ESQ.**
**LANGBEIN & LANGBEIN**
**ATTORNEYS FOR DEFENDANT**
**8181 NW 154 STREET**
**SUITE 105**
**MIAMI LAKES, FLORIDA 33016**

**BY:**_____**/s/ J.H. Zidell**_____
        **J.H. ZIDELL, ESQ.**