FILED BY HH D.C.

Apr 29, 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

April 29, 2020

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 19-13789-CC
Case Style: K. Kelly, et al v. Juan Cabral, et al
District Court Docket No: 1:16-cv-20872-JAL

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Lois Tunstall
Phone #: (404) 335-6191

Enclosure(s)

MDT-1 Letter Issuing Mandate

# UNITED STATES COURT OF APPEALS
## For the Eleventh Circuit

_____

No. 19-13789

_____

District Court Docket No.
1:16-cv-20872-JAL

JESUS LAZARO COLLAR,
and all others similarly situated under 29
U.S.C. 216(b),

                  Plaintiff,

J. H. ZIDELL, P.A.,
K. DAVID KELLY,

                  Plaintiffs - Appellants,

versus

ABALUX, INC,
JUAN D. CABRAL,

                  Defendants - Appellees.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: March 31, 2020
For the Court: DAVID J. SMITH, Clerk of Court
By: Djuanna H. Clark

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13789
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-20872-JAL

JESUS LAZARO COLLAR,
and all others similarly situated under 29
U.S.C. 216(b),

                                              Plaintiffs,

J. H. ZIDELL, P.A.,
K. DAVID KELLY,

                                              Plaintiffs-Appellants,

versus

ABALUX, INC,
JUAN D. CABRAL,

                                              Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 31, 2020)

Before WILLIAM PRYOR, BRANCH and FAY, Circuit Judges.

PER CURIAM:

K. David Kelly, an attorney, appeals a sanction against him and his law firm, J.H. Zidell, P.A., for misconduct while representing Jesus Collar, in an action against Abalux, Inc., and its owner, Juan Cabral, to recover unpaid overtime compensation under the Fair Labor Standards Act. After the district court entered summary judgment in favor of Abalux and Cabral, which we have since affirmed, *Collar v. Abalux, Inc.*, 895 F.3d 1278 (11th Cir. 2018), they moved for an award of attorney's fees and costs. The district court granted the motion and sanctioned Kelly and his law firm for failing to correct or withdraw a factually inaccurate exhibit to his motion for partial summary judgment and for misrepresenting the law governing accounting methods. We affirm.

## I. BACKGROUND

From the filing of Collar's complaint until the entry of summary judgment 22 months later, Abalux argued that it was not "an enterprise engaged in commerce" under the Act because its "annual gross volume of sales made or business done . . . [was] less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)," 29 U.S.C. § 203(s)(1)(A)(ii). *Collar*, 895 F.3d at 1280, 1281. Abalux furnished Collar copies of its tax returns, bookkeeping registers, and other evidence that established it used a cash basis of accounting,

operated on a calendar year, and had annual gross sales that were below the statutory threshold between 2014 and 2016. Although Abalux records reflected gross receipts of $505,973.33 in 2015, its office administrator, Michelle Marcos, testified in a deposition that the amount had to be reduced for state sales tax of $6,255.88 that had been attributable to its retail sales.

Abalux opposed Collar's numerous requests for discovery regarding Abalux clients, the identities of its former employees, and its bank records, but the Zidell firm rejected offers by Abalux to provide nonconfidential information to prove that it lacked the amount of annual gross sales to qualify as an enterprise. During Ms. Marcos's second deposition, Jamie Zidell asked her to explain inconsistencies between Abalux records and calculations made by Zidell's firm. Zidell questioned Ms. Marcos using charts that listed the amounts Abalux had reported in 2014, 2015, and 2016 for total sales, bank deposits, and gross sales and the amounts Zidell had calculated for each category. Later, Ms. Marcos examined the charts and discovered they contained factual and numerical errors.

After Collar filed a seventh request for discovery, which Abalux opposed, a magistrate judge held a hearing on the matter. Zidell argued that the accrual method of accounting applied to Abalux so it had to include in its 2015 annual gross sales the value of any products sold that year on credit for which it had been paid in 2016. When questioned by the district court, Zidell affirmed that his

argument was accurate "as a matter of law," and he submitted a copy of *Centeno-Bernuy v. Becker Farms*, 564 F. Supp. 2d 166, 176 (W.D.N.Y. 2008), where an employer operating on a cash basis had to recognize as income in 1999 a check that it received that year but cashed in 2000. Zidell later argued that *Centeno-Bernuy* dictated that payments received "in a subsequent year" for invoices issued in the prior year count "as sales made or business done for the prior year." But counsel for Abalux, Leslie Langbein, explained that Zidell had "some misconceptions about the law" and that Abalux had accurately calculated its annual gross sales for 2015 using the cash method of accounting as permitted under the regulations issued by the Department of Labor, 29 C.F.R. § 779.266, and by the Internal Revenue Service. Langbein quoted parts of the regulations and argued that Abalux correctly recognized income when received because it had "consistently used a cash-basis method of accounting."

The magistrate judge granted Collar limited discovery. The magistrate judge ordered Abalux to produce a list of its sales and copies of its invoices for orders placed in 2015 for which it received payment in 2016. And the magistrate judge ordered Abalux to produce copies of bank records and business records about how much money it received in 2016 for sales made in 2015.

Collar, represented by Kelly, appealed the discovery order and moved for partial summary judgment on his claim for overtime wages in 2015. Kelly argued

that the annual gross sales for Abalux included any payments it received in 2016 for sales it made in 2015. Kelly attached the charts used during Ms. Marcos's deposition as an exhibit to the appeal and the motion.

Abalux opposed Collar's appeal of the discovery order and submitted a declaration from Ms. Marcos regarding the charts used during her deposition. Ms. Marcos declared that the charts "overreported the number of [Abalux] transactions in 2014." She also declared that the charts were inaccurate because they "contained numerous discrepancies caused by transposed figures and poor addition."

Abalux moved for summary judgment and for an award of attorney's fees and costs to sanction the Zidell firm and its attorneys. Abalux sought sanctions for filing suit without contacting it to confirm that it had sufficient annual gross sales to ensure that Collar's employment was covered by the Act; using incorrect charts; and insisting on using the accrual method to determine the annual gross sales of Abalux. Abalux sought sanctions based on the statute prohibiting unreasonable and vexatious litigation, 28 U.S.C. § 1927, the inherent power of the court, and Federal Rule of Civil Procedure 11.

The district court denied Collar's motion for partial summary judgment, entered summary judgment in favor of Abalux, and adopted the recommendation of the magistrate judge to grant Abalux an award of attorney's fees and costs in the amount of $27,181.80 against Kelly and the Zidell firm. The district court

sanctioned Kelly and the law firm for pursuing a factual contention and legal claim that were objectively frivolous based on Rule 11 and for their bad faith litigation conduct under its inherent powers, and it sanctioned Kelly for unreasonably and vexatiously multiplying the litigation, 28 U.S.C. § 1927. The district court found that Abalux, in its series of Rule 11 motions, apprised the Zidell firm that its requests for discovery were unsubstantiated, that discovery evidenced that Abalux had annual gross sales of less than $500,000, and that the Zidell firm should have dismissed Collar's lawsuit. But the district court sanctioned the Zidell firm and Kelly only for the refusal to withdraw the incorrect charts after their errors were exposed and for the misrepresentations that Abalux had to report revenue using the accrual method of accounting in Collar's motion for partial summary judgment and in the opposition to the motion of Abalux for summary judgment. And the district court limited the award to the attorney's fees and costs that Abalux incurred 21 days after it served a seventh Rule 11 motion on the Zidell firm and one day after Abalux filed its opposition to Collar's motion for partial summary judgment because both filings pinpointed how the charts were incorrect and why the use of the accrual method was unsound.

## II. STANDARD OF REVIEW

We review the imposition of sanctions for abuse of discretion. *See Peer v. Lewis*, 606 F.3d 1306, 1311 (11th Cir. 2010). That standard requires us to affirm

unless the district court "applies an incorrect legal standard, follows improper procedures in making the determination, or bases the decision upon findings of fact that are clearly erroneous." *Id.* (internal quotation marks omitted).

### III. DISCUSSION

Kelly and his firm challenge the imposition of sanctions on three grounds. First, they argue that the inaccuracies in their charts are "a close-run thing," are attributable to human error, and are "inconsequential to the determination of any factual or legal issue before the [district] court." Second, they argue that applying the accrual method of accounting to Abalux is supported by caselaw. Third, they challenge, for the first time, the amount of the sanctions award.

Federal courts have the authority under Rule 11 and section 1927 and enjoy the inherent power to sanction an attorney for misconduct. *See* Fed. R. Civ. P. 11; 28 U.S.C. § 1927. Rule 11 requires an attorney's candor with the court and requires that an attorney substantiate his filings. *See Peer*, 606 F.3d at 1311 (stating an attorney's signature certifies his "factual contentions have evidentiary support"). Section 1927 prohibits an attorney's waste of judicial resources, multiplication of the proceedings, and conduct that causes unfair delays. *See id.* at 1314. And courts have the inherent power to ensure that an attorney does not "knowingly or recklessly raise[] a frivolous argument," pursue a "claim for the

purpose of harassing an opponent," or "delay[] or disrupt[] the litigation." *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998).

The district court did not abuse its discretion by sanctioning Kelly and his law firm for failing to correct or withdraw the charts that he submitted with his motion for partial summary judgment. Kelly submitted the incorrect charts and then, after Abalux explained the errors in the charts, stubbornly refused to advise the district court that the charts were inaccurate or to withdraw them. Kelly violated his obligation to provide the district court with truthful and accurate information. His misconduct prolonged the proceedings and delayed an inevitable summary judgment for Abalux.

The district court also did not abuse its discretion by sanctioning Kelly and his law firm for misrepresenting that Abalux had to use the accrual method of accounting to calculate its annual gross sales. As the district court stated, Kelly "clung to an incorrect legal theory" "[d]espite learning of federal regulations, an IRS publication, and case-law authority that permitted Abalux to use the cash method," after which he "repeatedly and stridently urged [the] incorrect legal argument . . . that the accrual method was mandatory" in his motion for partial summary judgment and motions opposing the filings by Abalux for summary judgment. Kelly misstated the import of *Centeno-Bernuy*, 564 F. Supp. 2d at 176, in which the court relied on the unremarkable rule that a cash basis taxpayer must

recognize income when it is received to require the taxpayer to add to its income a check that it received but delayed negotiating. *See Healy v. Comm'r*, 345 U.S. 278, 281 (1953). And none of the caselaw that Kelly cited required a cash-basis taxpayer to use the accrual method of accounting. Kelly's argument was frivolous. And he unreasonably prolonged his client's lawsuit against Abalux.

Kelly waived any challenge that he could have made to the amount of attorney's fees and costs awarded to Abalux and Cabral. When "a party fails to timely challenge a magistrate's nondispositive order before the district court, the party waive[s] his right to appeal those orders in this Court." *Smith v. Sch. Bd. of Orange Cty.*, 487 F.3d 1361, 1365 (11th Cir. 2007); see Fed. R. Civ. P. 72(a) (providing that a party must object to a magistrate judge's nondispositive order within 14 days of being served with the order). By failing to object to the order that awarded Abalux and Cabral $26,989.20 for attorney's fees and $182.60 for costs, Kelly and his law firm waived the right to appeal the amount of sanctions imposed against them.

## IV. CONCLUSION

We **AFFIRM** the imposition of sanctions against Kelly and the Zidell law firm.